IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUISA HONEYCUTT,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | : Civil No. 1:26-CV-0878<br>:<br>:<br>:<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>:<br>: |

MEMORANDUM OPINION

I. Introduction

Louisa Honeycutt filed an application under Title II of the Social Security Act for disability insurance benefits on December 20, 2022. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Honeycutt was not disabled from her alleged onset date of disability, January 1, 2022, through June 6, 2025, the date of the ALJ's decision.[1]

Honeycutt now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record, and mindful of the fact that substantial evidence "means only—

[1] Tr. 11-36.

'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[2] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Honeycutt filed for disability insurance benefits, alleging disability due to depression and anxiety, as well as multiple physical impairments.[3] Honeycutt was 42 years old at the time of her alleged onset of disability, had at least a high school education, and had no past relevant work.[4]

An ALJ held a hearing on Honeycutt's disability application on May 13, 2025.[5] Honeycutt and a Vocational Expert ("VE") both appeared and testified at the hearing.[6] Following this hearing, on June 6, 2025, the ALJ issued a decision denying the plaintiff's application for disability

---

[2] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[3] Tr. 57. We focus our discussion primarily on Honeycutt's mental health impairments, as the sole basis for her appeal is the ALJ's failure to find these impairments severe and incorporate additional limitations form these impairments in her residual functional capacity.
[4] Tr. 29.
[5] Tr. 37-55.
[6] *Id.*

benefits.[7] The ALJ first concluded that Honeycutt had not engaged in substantial gainful activity since her alleged onset date.[8] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from several severe physical impairments, and found her adjustment disorder and depression with anxiety to be nonsevere.[9] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[10]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform a range of sedentary work, and the RFC did not include any limitations from Honeycutt's nonsevere mental health impairments.[11] The ALJ considered the medical records, opinion evidence, and the plaintiff's

[7] Tr. 11-36.
[8] Tr. 16. The ALJ did note, however, that Honeycutt testified to working part-time for DoorDash at the time of the hearing, although that work did not amount to substantial gainful activity.
[9] Tr. 16-19.
[10] Tr. 28-30.
[11] Tr. 21-22.

subjective symptoms.[12] Ultimately, the ALJ concluded that the plaintiff was not as limited as she alleged.

Having made these findings, the ALJ found at Step 4 that Honeycutt had no relevant past work but found at Step 5 that she could perform the occupations of a document preparer, telephone quotation clerk, and eyeglass frames polisher.[13] Accordingly, the ALJ found that Honeycutt had not met the stringent standard prescribed for disability benefits and denied her claim.[14]

This appeal followed.[15] On appeal, Honeycutt argues that the ALJ erred by finding her mental health impairments nonsevere and failing to incorporate any limitations from those impairments in the RFC.[16] This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

[12] Tr. 21-29.
[13] Tr. 29-30.
[14] Tr. 30-31.
[15] Doc. 1.
[16] Doc. 9.

# III. Discussion

## A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[17] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[19] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[20]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[21]

---

[17] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[18] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[19] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[20] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).
[21] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[22] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[23] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[24]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[25] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became

---

[22] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[23] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[24] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).
[25] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).

disabled prior to the date on which he or she was last insured.[26] In making a disability determination, the ALJ follows a five-step evaluation.[27] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[28]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[29] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[30] Our review of

---

[26] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[27] 20 C.F.R. §§404.1520(a), 416.920(a).
[28] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).
[29] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[30] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).

the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[31]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[32] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[33]

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or

---

[31] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[32] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[33] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

contradict a medical opinion.[34] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[35] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[36] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[37]

It is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[38] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong reason."[39] Further, the ALJ can credit parts of an opinion without giving

---

[34] 20 C.F.R. § 404.1520c(c).
[35] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).
[36] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[37] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).
[38] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).
[39] *Mason*, 994 F.2d at 1066.

credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[40] On the other hand, in cases where no medical opinion credibly supports the claimant's allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[41]

### C. <u>Legal Benchmarks for the ALJ's Assessment of a Claimant's Alleged Symptoms</u>

When evaluating lay testimony regarding a claimant's reported degree of pain and disability, the ALJ must make credibility determinations.[42] Our review of those determinations is deferential.[43] However, the ALJ is required to "specifically identify and explain what evidence he found not credible and why he found it not credible."[44] An ALJ should give great weight to a claimant's testimony "only when it is

---

[40] *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).
[41] *Cummings*, 129 F. Supp. 3d at 214–15.
[42] *See Diaz v. Comm'r,* 577 F.3d 500, 506 (3d Cir. 2009).
[43] *Id.*
[44] *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014) (citations omitted).

supported by competent medical evidence."[45] As the Third Circuit has noted, while "statements of the individual concerning his or her symptoms must be carefully considered, the ALJ is not required to credit them."[46]

In accordance with the Social Security Rulings and Regulations, an ALJ must follow a two-step process to evaluate a claimant's reported symptoms: first, the ALJ must determine whether a medically determinable impairment could cause the symptoms alleged; and second, the ALJ must evaluate the alleged symptoms considering the entire administrative record.[47] This includes, but is not limited to, medical signs and laboratory findings; diagnoses; medical opinions provided by treating or examining sources and other medical sources; and information regarding the claimant's symptoms and how they affect his or her ability to work.[48] To assist in the evaluation of a claimant's

---

[45] *McKean v. Colvin*, 150 F. Supp. 3d 406, 415–16 (M.D. Pa. 2015) (citations omitted).
[46] *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 363 (3d. Cir. 2011) (referencing 20 C.F.R. §404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled").
[47] SSR 16-3p.
[48] 20 C.F.R. § 404.1529(c), 416.929(c); SSR 16–3p.

subjective symptoms, the Regulations set forth seven factors that may be relevant to the assessment of the claimant's alleged symptoms.[49]

D. <u>The ALJ's Decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is supported by substantial evidence in the record.[50] Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Honeycutt contends that the ALJ erroneously found her mental health impairments to be nonsevere and failed to account for limitations from those impairments.[51] At Step 2, the ALJ determines whether a claimant has a medically severe impairment or combination of impairments.[52] An impairment is considered severe if it "significantly

[49] 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). These factors include: the claimant's daily activities; the "location, duration, frequency, and intensity" of the claimant's pain or symptoms; the type, dosage, and effectiveness of medications; treatment other than medications; and other factors regarding the claimant's functional limitations.
[50] *Biestek*, 139 S. Ct. at 1154.
[51] Doc. 9.
[52] *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

limits an individual's physical or mental abilities to do basic work activities," or if it is "something beyond 'a slight abnormality which would have no more than a minimal effect on an individual's ability to work.'"[53] This Step 2 inquiry is a de minimis screening device used to cast out meritless claims.[54] The claimant bears the burden to show that an impairment should be considered severe.[55]

The ALJ considered evidence of Honeycutt's mental health impairments at Step 2 and found them to be nonsevere.[56] The ALJ cited Honeycutt's medical records, which showed that her mood was well controlled on medication during the relevant time, as well as Dr. Jennifer Enigk's consultative examination findings that were largely unremarkable, to conclude that Honeycutt's mental impairments caused only a minimal limitation in her ability to perform basic work activities.[57]

---

[53] 20 C.F.R. 404.1520(c); *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citations omitted).
[54] *McCrea*, 370 F.3d at 360; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).
[55] *Bowen*, 482 U.S. at 146; *Stancavage v. Saul*, 469 F. Supp. 3d 311, 331 (M.D. Pa. 2020).
[56] Tr. 17-19.
[57] Tr. 17.

Indeed, as the ALJ noted, Dr. Enigk's April 2024 examination revealed that Honeycutt had a euthymic mood, cooperative demeanor, adequate social skills and presentation, appropriate eye contact, normal motor behavior, intact attention and concentration, and good insight and judgment.[58] While the ALJ found these impairments to be nonsevere, he explicitly stated that these impairments were considered in reaching the RFC determination.[59]

Later in the decision, the ALJ discussed the medical opinion evidence related to Honeycutt's mental health impairments. [60] The ALJ found Dr. Enigk's opinion unpersuasive.[61] Dr. Enigk opined that Honeycutt had marked limitations in her ability to interact with others and a moderate limitation in her ability to respond to usual workplace situations and routine changes in a work setting.[62] The ALJ found that these limitations were not supported by Enigk's examination of

[58] Tr. 17, 624-25.
[59] Tr. 19.
[60] Tr. 28-29.
[61] Tr. 28.
[62] Tr. 628.

Honeycutt, which contained largely unremarkable findings.[63] He reached a similar conclusion with respect to the opinion of state agency consultant Dr. John Chiampi, finding that Dr. Chiampi's moderate interaction-related limitations were not supported by his review of the record or consistent with the plaintiff's medical records.[64]

Instead, the ALJ found state agency consultant Dr. Jamie King's opinion persuasive, which found that Honeycutt's mental health impairments were nonsevere and imposed no more than mild limitations in the four areas of mental functioning.[65] The ALJ reasoned that Dr. King's opinion was supported by her review of the records, which included the fact that Honeycutt worked part-time as a delivery driver during the relevant period.[66] The ALJ also found that this opinion was

---

[63] Tr. 28.
[64] *Id.*
[65] Tr. 28-29.
[66] *Id.*

consistent with Honeycutt's medical records that showed normal behavior, cooperative demeanor, and a normal mood.[67]

We find no error with the ALJ's analysis of the medical opinion evidence. Honeycutt contends that the ALJ's consistency analysis of Dr. Enigk's opinion is incomplete, and therefore, we cannot conclude that it is supported by substantial evidence.[68] But we find that any error in this regard is harmless. Social Security appeals are subject to harmless error analysis, under which a remand is warranted only if the error "prejudices a party's 'substantial rights[,]'" meaning the error "likely affect[ed] the outcome of the proceeding, . . ."[69] The plaintiff carries the burden of proving that an error was harmful.[70]

In this case, the ALJ was confronted with three medical opinions that contained varying degrees of limitation, coupled with a medical record that contained virtually no evidence of mental health treatment and evidence that the plaintiff was working part time during the relevant

---

[67] *Id.*
[68] Doc. 9 at 8-9.
[69] *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016); *Hyer v. Colvin*, 72 F. Supp. 3d 479, 494 (D. Del. 2014).
[70] *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

period. Indeed, other than a few notations of medication management with her primary care provider and one record indicating that Honeycutt's depression was "bad,"[71] the record contains no evidence of any treatment for Honeycutt's mental health impairments. And Honeycutt fails to identify any evidence to support her contention that she was more limited than the ALJ found, and that consideration of such evidence would have resulted in a different outcome. In fact, her hearing testimony is devoid of any mention of her mental health impairments or any symptoms she allegedly suffered from those impairments.[72] Thus, we find no error with the ALJ's determination that these impairments were nonsevere and further conclude that any error in the ALJ's consideration of the medical opinion evidence is harmless.

In sum, we find that the ALJ considered all the evidence and adequately explained the decision to include or discount certain limitations as established by the evidence. Accordingly, we find no error

---

[71] Tr. 404.

[72] *See* Tr. 37-55.

with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, this decision will be affirmed.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 3rd day of November 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge